UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLARENCE BARROW, SR. and<br>MARION R. BARROW | CIVIL ACTION |
| VERSUS | NO. 07-5603 |
| STATE FARM FIRE AND CASUALTY<br>COMPANY | SECTION:  C (1) |

### ORDER AND REASONS

Before the Court are Defendant's Motions for Summary Judgment as to Plaintiffs' (1) extra-contractual damages (Rec. Doc. 25); (2) dwelling claims (Rec. Doc. 29); (3) claims for contents and additional living expenses (Rec. Doc. 35); and (4) bad faith claims (Rec. Doc. 37). Defendant also filed motions in limine to exclude (5) the report and testimony of plaintiffs' construction expert Hilliard Butler (Rec. Doc. 27); (6) the report and testimony of plaintiffs' construction experts Ronnie Wirth and Kevin Manale (Rec. Doc. 31); and (7) any evidence or reference to  plaintiff's and/or plaintiffs' background (Rec. Doc. 33).  Having considered the arguments of counsel, the record, and the applicable law, the Court finds that the motions for summary judgment are GRANTED IN PART, DENIED IN PART and the motions in limine are GRANTED IN PART, DENIED IN PART.

**I. BACKGROUND**

Plaintiffs Clarence and Marion Barrow's home sustained damages during Hurricane Katrina.  The property received approximately three feet of water in the interior of the home.  At that time, Plaintiffs had homeowners' insurance coverage, policy #18-PO-3796-7, from Defendant State Farm with the following coverages: $136,200 for dwelling; $13,620 for

dwelling extension; $102,150 for personal property; actual loss sustained for loss of use; and a $2,724 hurricane deductible.  The plaintiffs did not have flood insurance for their property.  Plaintiffs received two advances on their claim prior to inspection totaling $7500.  On or about October 21, 2005, a State Farm adjuster inspected Plaintiffs' property and prepared a statement of loss of $8203.14, less the deductible and the prior advance, resulting in a $2020.86 overpayment.  State Farm did not seek reimbursement of the overpayment.  In August 2006, State Farm paid the plaintiffs $2500 for damage to their contents.  In January 2007, State Farm re-inspected the plaintiffs' property and paid an additional $22,690.37.

## II.    MOTIONS FOR SUMMARY JUDGMENT

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986). The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or

designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir.1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Hopper v. Frank*, 16 F.3d 92 (5th Cir.1994); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir.1992).

**(1) extra-contractual damages (Rec. Doc. 25)**

Plaintiffs claim State Farm is liable for extracontractual damages/penalties for breach of its duty under LSA R.S. 22:1220 for infliction of mental anguish.  State Farm seeks summary judgment dismissing any claims plaintiffs might make for extra-contractual damages for alleged mental anguish damages.

Under the recent Louisiana Supreme Court decision in *Sher v. Lafayette Ins. Co.*, 07-2441 (La. 4/8/08), 2008 WL 928486, the recovery of mental anguish damages in insurance actions is governed by LSA C.C. art. 1998.  Under Art. 1998,

> Damages for nonpecuniary loss may be recovered when the contract, because of its nature, is intended to gratify a nonpecuniary interest and, because of the circumstances surrounding the formation or the nonperformance of the contract, the obligor knew, or should have known, that his failure to perform would cause that kind of loss. Regardless of the nature of the contract, these damages may be recovered also when the obligor intended, through his failure, to aggrieve the feelings of the obligee.

Interpreting Art. 1998, the Louisiana Supreme Court considered a Katrina plaintiff's claim that the trial court had erred in refusing to instruct the jury regarding general damages for mental anguish, inconvenience, and emotional distress pursuant to Art. 1998. The *Sher* court

held that even where a jury is entitled to find a defendant acted in bad faith, as a matter of law, general damages for non-pecuniary losses may not be recovered.  Nor, the *Sher* court held, does LSA R.S. 22:1220 provide an alternative basis for recovery of mental anguish damages, which would otherwise be prohibited by LSA C.C. art. 1998.  Accordingly, defendant's motion for partial summary judgment as to extra-contractual damages is GRANTED.

**(2) dwelling claims (Rec. Doc. 29)**

Plaintiffs claim that hurricane-force winds caused damage to his dwelling.  The defendant claims that any damage was caused by flooding, which is not covered by the plaintiffs' homeowner insurance.

The evidence of the height of the flood waters, approximately three feet, in plaintiffs' home appears to be undisputed.  There are, however, disputed issues of fact as to whether any damage above the three foot water line was caused by wind.

Accordingly, defendant's motion for partial summary judgment as to plaintiffs' dwelling claims is DENIED.

**(3) claims for contents and additional living expenses (Rec. Doc. 35)**

Plaintiffs claim damages for the contents of their residence, including the contents of their attic, and that their home became uninhabitable as a result of hurricane-force winds during Hurricane Katrina.  The defendant claims that any damage to plaintiffs' contents and residence was caused by flooding.  In addition, the defendant claims that plaintiffs have not provided sufficient evidence that the home was uninhabitable.

The Court finds that there are disputed issues of fact as to the location, extent and cause of the damages to the contents of the home and whether the house was inhabitable due to wind damage alone. Accordingly, defendant's motion for summary judgment as to the contents and additional living expenses is DENIED.

**(4) bad faith claims (Rec. Doc. 37)**

Plaintiffs list a chronology of acts by defendant, which plaintiffs claim reflect defendant's bad faith. (Rec. Doc. 47 at 3-4). Plaintiffs' chronology (and exhibits) also indicate multiple submissions of proof of loss. Defendant argues that plaintiffs' can not prove that defendant's failure to make timely payment was in bad faith and instead reflects a genuine disagreement over whether the loss was covered by the policy. Second, defendant argues that it was never presented with satisfactory proof of loss.

The Court finds that there are disputed issues of material facts as to whether or not the defendant acted in bad faith and whether or not defendant received satisfactory proof of plaintiffs' damages. Accordingly, defendant's motion for partial summary judgment as to plaintiffs' bad faith claims is DENIED.

**III.   MOTIONS IN LIMINE**

**(5) the report and testimony of plaintiffs' construction expert Hilliard Butler (Rec. Doc. 27) and**

**(6) the report and testimony of plaintiffs' construction experts Ronnie Wirth and Kevin Manale (Rec. Doc. 31)**

Federal Rule 702 governs the admissibility of expert testimony and reports. It states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) establishes a two-part test for the admissibility of expert opinion. To admit expert testimony, a court "must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to: (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Daubert*, 509 U.S. at 592. "Whether the situation is a proper one for the use of expert testimony is to be determined on the basis of assisting the trier." *Peters v. Five Star Marine*, 898 F.2d 448, 450 (5th Cir. 1990).

Plaintiffs seek to introduce the report and testimony of construction expert Hilliard Butler regarding the construction repairs at plaintiffs' residence. Plaintiffs also propose that Mr. Butler will offer his expert opinion on the scope of damages, unit pricing, and the causation of damages. Defendant claims that plaintiffs have failed to demonstrate that Mr. Butler is sufficiently qualified to offer an expert opinion on causation and that even if qualified, his opinion is based on an unreliable methodology.

Plaintiffs have provided sufficient evidence of Mr. Butler's qualifications and the reliability of his opinion for his testimony on the scope of damages at plaintiffs' residence, including the quantification of repairs. The Court finds that plaintiffs have not provided

sufficient evidence of Mr. Butler's qualifications and reliable methodology for testimony as to the causation of damages.  Accordingly, defendant's motion to exclude the report and testimony of Mr. Butler is  GRANTED with regard to causation and DENIED as to quantification of damages.

Plaintiffs also proffer Mr. Kevin Manale and Mr. Ronnie Wirth of Elite Homes by Wirth, as expert witnesses on the scope of damages, unit pricing, and causation of damages.  Defendant claims that plaintiffs have failed to demonstrate Mr. Manale's and Mr. Wirth's qualifications and the reliability of their methodology regarding the cause of the plaintiffs' damages.

Plaintiffs provided a report prepared by Mr. Manale and Mr. Wirth that provides a line by line and room by room cost of damages, but the report does not provide sufficient information as to the cause of the damages.  Accordingly, defendant's motion to exclude the testimony and report of Mr. Wirth and Mr. Manale is GRANTED with regard to causation and DENIED as to quantification of damages.

**(7) any evidence or reference to  plaintiff's and/or plaintiffs' background (Rec. Doc. 33).**

Plaintiff Clarence Barrow seeks to testify about the facts leading up to the above-captioned matter.  Defendant seeks to pre-emptively exclude reference or testimony to Mr. Barrow's background.  Defendant claims plaintiff's background, under the Fed. R. Evid. 402 and 403, is irrelevant to the disputed issues and any relevance it might have is substantially outweighed by dangers of unfair prejudice and misleading or confusing for the jury.

Defendant's motion to exclude evidence or reference to plaintiff's background is CONDITIONALLY GRANTED, with the caveat that should the plaintiff's background become

relevant as a result of cross-examination or the nature of the defense, then the plaintiff can be asked such questions.

New Orleans, Louisiana, this 18th day of September, 2008.

                               HELEN G. BERRIGAN
                               UNITED STATES DISTRICT JUDGE